# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

---

### EPITOMIZED OPINIONS
### Published only in the Abstract

---

No. 445

SCOTTWOOD REALTY CO. v. BOWMAN et

Ohio Appeals, 6th Dist., Lucas Co.

No. 1633. . Decided Feb. 1, 1926

923. PLEADINGS — Reviewing court will not reverse trial court in refusing leave to file amended answer in absence of abuse of discretion of trial court.

460. EQUITY—Maxim that "he who comes into equity must do so with clean hands" requires only that plaintiff must not be guilty of reprehensible conduct with respect to subject matter of his suit.

RICHARDS, J.

This action grows out of a mistake in the execution of a deed from the Scottwood Realty Co. to Helen Bowman. Subsequent to the transfer Bowman conveyed an undivided one-half to the Goodale Realty Co., which Company, with Bowman, brought an action in the Lucas Common Pleas to require a correction of the deed or execution and delivery of a good and sufficient one.

The Scottwood Co. filed an answer and Bowman claimed it was insufficient and moved for judgment in her favor on the pleadings. A judgment was rendered in her favor. The Scottwood Co. was given leave to file an amended answer.

After such filing the court indicated its intention to sustain Bowman's motion. Thereupon the Realty Co. filed a second amended answer and cross-petition and asked leave to file same instanter. Leave to file same was not granted.

Error was prosecuted and the Company contended that the Court of Appeals could consider the second amended answer which the court refused leave to file. The Court of Appeals held:

1. This is not the law, for trial courts may exercise a judicial discretion in determining whether a litigant should be permitted to file an amended pleading, and in absence of abuse of discretion, its action will not be reversed by a reviewing court.

2. The Scottwood Co. contends that Bowman did not come into court with clean hands, it basing its contention on the fact that at the time the parties entered into the contract, they made an oral agreement in regards to some furniture in the house situated on the land in question which Bowman had breached and would not perform.

3. The cause of action contained in the petition is not founded upon an agreement for the sale of furniture nor upon the written agreement for the sale of real estate; but is simply to require a correction of an error in a deed.

4. The maxim, "he who comes into equity, must come with clean hands," requires only that the plaintiff must not be guilty of reprehensible conduct with respect to the subject matter of his suit.

5. The amended answer of the Company contained no averments of reprehensible conduct on part of Bowman relating to those things set forth as subject matter of this suit.

6. Judgment of lower court in rendering judgment for Bowman on pleadings affirmed.

Judgment affirmed.

Attorneys—Marshall, Melhorn, Marlar & Martin for Company; C. A. Thatcher and C. A. Meck for Bowman; all of Toledo.